## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORRIE S. BENACCI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civ. No. 06-203 Erie** |
| | ) | |
| **GREAT LAKES HOME** | ) | |
| **HEALTHCARE, GREAT LAKES** | ) | |
| **HOME HEALTHCARE SERVICES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### Opinion and Order

Plaintiff brings this civil rights employment discrimination action against her employer asserting that she was subjected to unlawful retaliation for reporting sexual harassment and for supporting and assisting her subordinate employee who complained about sexual harassment in violation of Title VII of the Civil Rights Act of 1967 (42 U.S.C. § 2000(e)(Count II), and the Pennsylvania Human Relations Act, 43 P.S. 951-963 ("PHRA") (Count III).  She also asserts a claim of wrongful discharge alleging that her employer terminated her in violation of Pennsylvania public policy (Count I).

Defendants have filed a motion to dismiss Count I of Plaintiff's Complaint with a brief in support arguing that Plaintiff's wrongful discharge claim must be dismissed as legally insufficient to state a claim.  Plaintiff has filed a Memorandum in Law in Opposition to Defendants' motion, to which Defendants have filed a Reply.

Plaintiff concedes that she is unable to state a claim for wrongful discharge under Pennsylvania common law because complete statutory remedies are provided under both Title VII and the PHRA. However, Plaintiff argues that she can maintain her wrongful discharge claim as her termination was a violation of public policy.

Both parties agree that Plaintiff is an at-will employee and the relevant Pennsylvania law to apply here is as follows:

> Under the public policy exception to Pennsylvania's at-will employment doctrine, an employer cannot (1) require an employee to commit a crime; (2) prevent an employee from complying with a statutorily imposed duty; or (3) discharge an employee when specifically prohibited from doing so by statute. Hennessy v. Santiago, 708 A.2d 1269, 1[2]73 (Pa.Super.Ct. 1998).

(Plaintiff's Memorandum of Law in Opposition, at 3; see also Defendant's Memorandum of Law in Support, at 3.) The parties also agree that if an employee's termination arises from his or her unwillingness to engage in conduct that violates one of these three, narrow restrictions, then that employee can sue for wrongful discharge. (Plaintiff's Memorandum, at 3; see also Defendant's Memorandum, at 3-4 (both citing Hennessy, 708 A.2d at 1273).)

Relying primarily on Spierling v. First American Home Health Services, Inc., 737 A.2d 1250, 1253-1254 (Pa.Super. 1999), Defendants argue that Plaintiff has failed to show that she fits within one of the three exceptions.

In response, Plaintiff explains that in her Complaint she is alleging that she "was directly responsible for processing and submitting claims to the government for reimbursement involving Medicare and Medicaid payments, and that her employer was pressuring her to process claims for reimbursement from the federal government for Medicaid and Medicare that were not truthful." (Plaintiff's Memorandum, at 4.) She further alleges

2

that her role in processing Medicare and Medicaid claims shows that her discharge falls under the public policy exceptions to the at-will employment doctrine. Specifically, she argues that she was discharged for her unwillingness to commit a federal crime in violation of 18 U.S.C. § 287 (False, fictitious or fraudulent claims); and that her employer prevented her from complying with her statutorily imposed duty under 31 U.S.C. § 3729 (False Claims). Plaintiff's Memorandum, at 4-5.

In reply to Plaintiff's argument, Defendants correctly note that Plaintiff fails to address, or even refer to, the "multitude of Pennsylvania and federal court cases that have addressed and squarely rejected her argument." (Defendant's Reply Memorandum of Law, at 2.) We thus agree with Defendants that the case law is clear

> that the "public policy" exception to Pennsylvania's at-will employment doctrine cannot be invoked based on complaints of alleged discrepancies or even outright fraud in the Medicare and Medicaid programs unless (1) the employee had a statutory duty to make such reports, and (2) the report is made to a proper outside authority. Where, as here, the former employee had no statutory duty to report false or fraudulent claims, and she merely alleges that she reported discrepancies or "concerns" internally to her employer, her claim fails as a matter of law.

(Id.; see Spierling, 737 A.2d 1250, 1253-1254; Geary v. United States Steel Corporation, 319 A.2d 174, 178-179, 180 (Pa. 1974); Hennessy v. Santiago, 708 A.2d 1269, 1274 (Pa.Super. 1998); Hunger v. Grand Central Sanitation, 670 A.2d 173, 176 (Pa.Super. 1996); Holewinski v. Children's Hospital of Pittsburgh, 649 A.2d 712, 725 (Pa.Super. 1994), appeal denied, 659 A.2d 560 (Pa. 1995); Krajsa v. Keypunch, Inc., 622 A.2d 355, 359-360 (Pa.Super. 1993); see also Rodriguez v. Sullivan County Victim Services, 2005 WL 1532977, *5 (M.D.Pa. June 29, 2005); and Diberardinis-Mason v. Super Fresh, 94 F.Supp.2d 626, 629-630 (E.D.Pa. 2000)).

3

Plaintiff has not alleged that she was terminated for complying with a statutorily imposed duty to report.  Plaintiff does not plead Medicare or Medicaid fraud in her Complaint and of course has not alleged that she made any report of alleged Medicare or Medicaid fraud to an appropriate federal or state agency.  Even if she had alleged Medicare or Medicaid fraud she does not allege that Defendants terminated her in violation of a statutory provision that prohibited Defendants from terminating an employee who acts under the False Claims Act.  Finally, Plaintiff has not alleged that Defendants asked her to commit a crime or violate any statutorily imposed duty.

Plaintiff is an at-will employee who cannot show that her termination resulted from her employer violating public policy by (1) requiring Plaintiff to commit a crime; (2) preventing Plaintiff from complying with a statutorily imposed duty; or (3) discharging Plaintiff despite being specifically prohibited from doing so by statute.  Hennessy, 708 A.2d at 1273.  Accordingly, Plaintiff has failed to state a wrongful discharge claim upon which relief can be granted and we will dismiss Count I of Plaintiff's Complaint.

AND NOW, to-wit, this 4th day of December, 2006, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Dismiss Count I of Plaintiff's Complaint (Doc. 2) be and hereby is GRANTED.  Count I of Plaintiff's Complaint is hereby dismissed.

IT IS FURTHER ORDERED that Defendants shall file an Answer to the Complaint no later than December 15, 2006.

Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
United States District Judge